1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAMIEN LEE DAVIS,                          No.  2:20-cv-1371 KJM DB P

12                   Plaintiff,

13           v.                                  ORDER

14    J. PICKETT,

15                   Defendant.

16

17           Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983.  Before the court are plaintiff's motion to proceed in forma pauperis[1] and plaintiff's

19    complaint for screening.  For the reasons set forth below, this court grants the motion to proceed

20    in forma pauperis and finds plaintiff has not stated a cognizable claim for relief under § 1983.

21    Plaintiff will be given the opportunity to amend his complaint.

22                              **IN FORMA PAUPERIS**

23           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24    Accordingly, the request to proceed in forma pauperis will be granted.

25    ─────────────────

26    [1] Plaintiff did not initially file a motion to proceed in forma pauperis.  This court then ordered
      plaintiff to file one, or pay the filing fee, if he wished to proceed with this case.  When plaintiff
27    did not do so within the time provided, this court recommended dismissal of this action.  Because
      plaintiff has now filed a motion to proceed in forma pauperis, this court will vacate its
28    recommendation that the case be dismissed.

1      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

2  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

9  1915(b)(2).

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

2

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

Plaintiff's complaint is brief. He states that his rights to equal protection of the laws and to due process have been violated because defendant, the acting warden of High Desert State Prison, is not giving plaintiff the benefit of a parole hearing under California's Proposition 57.

Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1), (a)(1)(A).

3

It is not clear whether plaintiff is alleging defendant improperly applied Proposition 57 to his case or whether plaintiff is alleging defendant has failed to consider defendant's eligibility at all under Proposition 57.  Plaintiff has not included any supporting facts on how or why he has been refused a parole hearing.  He has not explained whether he has pursued relief such as: requesting eligibility by the Board of Parole Hearings pursuant to emergency regulations - Cal. Code Regs. tit. 15, §§ 3495-95; requesting an expedited parole suitability hearing under Cal. Penal Code § 3041.5(d)(1); or filing a petition to recall his sentence in the Superior Court under Cal. Penal Code § 1170.126.  In any event, plaintiff has not, and likely cannot, state a claim cognizable under § 1983.  As numerous judges in this district have held in similar cases, plaintiff's claim, as best this court can tell, raises only a question of state law.

Section 1983 remedies violations of the Constitution, laws, or treaties of the United States.  Swarthout v. Cooke, 562 U.S. 216, 222 (2011).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id. (quoting Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)).  State courts "are the ultimate expositors of state law."  Id. (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)).

Numerous judges in this court have held that prisoners challenging the application of Proposition 57 do not state claims cognizable under § 1983.  See, e.g., Villegas v. Spearman, No. 2:19-cv-1539 TLN AC P, 2020 WL 1865292, at *2 (E.D. Cal. Apr. 14, 2020), rep. and reco. adopted, 2020 WL 3840557 (E.D. Cal. July 8, 2020); Eakins v. Diaz, No. 2:19-cv-2013 WBS EFB P, 2020 WL 1952671, at *2 (E.D. Cal. Apr. 23, 2020); Hernandez v. Diaz, No. 2:18-cv-3265 AC P, 2019 WL 1532278, at *3 (E.D. Cal. April 8, 2019); Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI BAM, 2018 WL 400320, at *4 (E.D. Cal. Jan. 12, 2018).

To the extent plaintiff is alleging defendant failed to consider his eligibility for a hearing under Proposition 57, that too is a state law question that is not cognizable in federal court.  See, e.g., Chubbuck v. Brown, No. 2:19-cv-2608 KJM CKD P, 2020 WL 4818566, at *2 (E.D. Cal. Aug. 19, 2020); Russell v. Diaz, No. 2:18-cv-1062 TLN AC P, 2019 WL 2613592, at *3, (E.D. Cal. June 26, 2019), rep. and reco. adopted, No. 2:18-cv-1062 TLN AC P (E.D. Cal. Aug. 2,

1  2019); Ramos v. Spearman, No. 2:19-cv-1662 JAM KJN P, 2020 WL 1450731, at *2, (E.D. Cal.

2  Mar. 25, 2020), rep. and reco. adopted, 2020 WL 2396024 (E.D. Cal. May 12, 2020).

3  <center>**CONCLUSION**</center>

4       Plaintiff "may not ... transform a state-law issue into a federal one merely by asserting a

5  violation of due process" or equal protection.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.

6  1997).  Accordingly, plaintiff's complaint will be dismissed.  While the court finds it unlikely that

7  plaintiff will be able to state a cognizable claim regarding Proposition 57, he will be given the

8  opportunity to file an amended complaint.

9       In an amended complaint, plaintiff must address the problems with his complaint that are

10  explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each

11  defendant and the action that defendant took that violated plaintiff's constitutional rights.  The

12  court is not required to review exhibits to determine what plaintiff's charging allegations are as to

13  each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

14  complaint.  The charging allegations must be set forth in the amended complaint so defendants

15  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

16  detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain statement of

17  each claim.  See Fed. R. Civ. P. 8(a).

18       Any amended complaint must show the federal court has jurisdiction, the action is brought in

19  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

20  request for particular relief.  Plaintiff must identify as a defendant only persons who personally

21  participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

22  Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

23  constitutional right if he does an act, participates in another's act or omits to perform an act he is

24  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

25  official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

26  266, 268 (9th Cir. 1982) (citations omitted).

27       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

28  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

<center>5</center>

1  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

2  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

3       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

4  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

5  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

6  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

7  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

8  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

9  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

10       An amended complaint must be complete in itself without reference to any prior pleading.

11  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

12  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

13  evidentiary support for his allegations, and for violation of this rule the court may impose

14  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

15       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

16  follows:

17      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

18      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

19         assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20         1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

21         the California Department of Corrections and Rehabilitation filed concurrently herewith.

22      3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

23      4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

24         complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

25         of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

26         docket number assigned this case and must be labeled "First Amended Complaint;"

27         failure to file an amended complaint in accordance with this order may result in a

28         recommendation that this action be dismissed.

1    5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form

2        used in this district.

3    6.  The Findings and Recommendations filed August 31, 2020 are vacated.

4  Dated:  October 5, 2020

5

6

7                                      DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14  DLB:9
    DLB1/prisoner-civil rights/davi1371.scrn fr
15

16

17

18

19

20

21

22

23

24

25

26

27

28